**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES R. HUNTER, <br><br>     Plaintiff - Appellant, <br><br>  v. <br><br> COURTNEY YVONNE GALVAN, In her capacity as the Personal Representative of The Estate of Charles Galvan, <br><br>     Defendant - Appellee, <br><br> and <br><br> CHARLES L RYAN, AKA Charles Ryan, DAVID SHINN, THEODORA PAUL, UNKNOWN PARTIES, Galvan; Fox; Chandar, <br><br>     Defendants. | No. 24-5435 <br><br> D.C. No. 2:21-cv-01228-SRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted June 22, 2026[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Arizona state prisoner James R. Hunter appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his health and safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sheltra v. Christensen*, 124 F.4th 1195, 1199 (9th Cir. 2024). We affirm.

The district court properly granted summary judgment because Hunter failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Ross v. Blake*, 578 U.S. 632, 638, 643-44 (2016) (explaining that an inmate must exhaust available administrative remedies before bringing suit, and describing limited circumstances under which administrative remedies are effectively unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that exhaustion "demands compliance with an agency's deadlines and other critical procedural rules"); *see also Sheltra*, 124 F.4th at 1201 (explaining the limited circumstances in which the continuing-violations doctrine applies in the Prison Litigation Reform Act exhaustion context).

The district court did not abuse its discretion in denying Hunter's motion for reconsideration because Hunter failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th

Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We reject as without merit Hunter's contention that the district court improperly admonished him for making personal attacks against opposing counsel.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**